UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. <u>10-60074-CR-COHN</u>

UNITED STATES OF AMERICA,

        Plaintiff

vs.

ANTONIO TRICAMO,

        Defendant.
_____/

## PLEA AGREEMENT

The United States of America and **ANTONIO TRICAMO** (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to Count Two, which charges the defendant with attempting to conduct a financial transaction involving property represented to be proceeds of a specified unlawful activity, namely drug proceeds, in violation of Title 18, United States Code, Sections 1956(a)(3)(B) and 2. The United States agrees to seek dismissal of the remaining counts of the indictment after sentencing.

2. As to Count Two, the defendant understands and acknowledges that the maximum statutory sentence under Title 18, United States Code, Section 1956(a)(3)(B) is imprisonment for not more than twenty (20) years and a fine of up to $500,000.

3. The defendant is aware that the sentence will be imposed by the court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by

the court relying in part on the results of a Pre-Sentence Investigation by the court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 2 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

4. The Office of the United States Attorney for the Southern District of Florida (hereinafter "Office") reserves the right to inform the court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

5. The defendant is aware that the sentence has not yet been determined by the court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the

government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the court. The defendant understands further that any recommendation that the government makes to the court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the court and the court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the defendant may not withdraw his plea based upon the court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

6. The United States agrees that it will recommend at sentencing that the court reduce by two (2) levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, the government will make a motion requesting an additional one (1) level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently. The United States, however, will not be required to make this motion if the defendant: (1) fails or refuses to make a full, accurate, and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a

state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

7. The defendant also agrees that the defendant shall assist this Office in all proceedings, whether administrative or judicial, involving the forfeiture to the United States of all rights, title, and interest, regardless of their nature or form, in all assets, including real and personal property, cash and other monetary instruments, wherever located, which the defendant or others to his/her knowledge have accumulated as a result of illegal activities. Such assistance will involve an agreement on defendant's part to the entry of an order enjoining the transfer or encumbrance of assets which may be identified as being subject to forfeiture. Additionally, defendant agrees to identify as being subject to forfeiture all such assets, and to assist in the transfer of such property to the United States by delivery to this Office upon this Office's request, all necessary and appropriate documentation with respect to said assets, including consents to forfeiture, quit claim deeds and any and all other documents necessary to deliver good and marketable title to said property.

8. The defendant is aware that Title 18, United States Code, Section 3742 affords the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Section 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b). However, if the United States appeals

the defendant's sentence pursuant to Section 3742(b), the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that he has discussed the appeal waiver set forth in this agreement with his attorney. The defendant further agrees, together with the United States, to request that the district court enter a specific finding that the defendant's waiver of his right to appeal the sentence to be imposed in this case was knowing and voluntary.

9. This Office and the defendant stipulate to and agree not to contest the following facts, and stipulate that such facts, in accordance with Rule 11(b)(3) of the Federal Rules of Criminal Procedure, provide a sufficient factual basis for the plea of guilty in this case:

> On May 14, 2009, Antonio Tricamo met with two undercover officers (UC1 and UC2) at an undercover office. At the office, UC1 explained the upcoming job to Tricamo. Tricamo's job was to accompany UC2 to the Broward Mall in Broward County, Florida. At the mall parking lot, UC2 would retrieve a bag from a third undercover officer (UC3). Tricamo was told that UC3 was someone who worked with distributing drugs. Tricamo was also told that the bag would contain $250,000 in drug proceeds and that their role was to clean up the money. UC1 explained to Tricamo that transporting the money was the first step in the entire money laundering process. UC1 explained to Tricamo that they had to be careful because they were dealing with guys who sold drugs. Tricamo's job throughout the exchange was to provide security for the transportation of the $250,000 cash. Tricamo acknowledged the risk involved and agreed to protect UC2 and the money.
>
> During the transaction, Tricamo provided security by surveilling the area while UC2 received the bag containing $250,000 cash from UC3. UC2 placed the bag in the car and Tricamo and UC2 drove back to the undercover office and gave UC1 the bag containing the money. Tricamo was compensated $3,000 cash for his security work during the transportation of the money. Tricamo asked UC1 if the money transportation work could be weekly. Subsequent to this date, Tricamo participated in two other similar transactions involving the transportation of $250,000 cash that Tricamo believed to be drug proceeds.

10. This is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings unless contained in a letter from the United States Attorney's Office executed by all parties and counsel prior to the change of plea.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

Date: 6/23/10    By: _____
CYNTHIA STONE
ASSISTANT UNITED STATES ATTORNEY
MARGARET HONRATH
TRIAL ATTORNEY
CRIMINAL DIVISION, ORGANIZED CRIME AND
RACKETEERING SECTION

Date: 6/23/10    By: _____
ALVIN ENTIN
COUNSEL FOR DEFENDANT

Date: 6/23/10    By: _____
ANTONIO TRICAMO
DEFENDANT

6